United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

04-61016
Summary Calendar

IQBAL HAIDER,

Petitioner,

versus

ALBERTO GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the Board of Immigration Appeals
Agency No.  A95-319-809

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Iqbar Haider ("Haider") petitions for review of the decision of the Board of Immigration

Appeals ("the BIA") affirming the Immigration Judge's ("the IJ") decision ordering Haider removed

from the United States to Pakistan.  Specifically, Haider claims that the IJ erred in construing 8

U.S.C. § 1255(i),[1] ordering removal, and denying a continuance pending adjudication of Haider's

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

[1]Title 8 U.S.C.§ 1255 and its subsections correspond with INA section 245 and its subsections.

Immigration Petition for Alien Worker ("I-140 petition")[2] and his adjustment application. Further, Haider argues that this case should be dismissed as violative of his due process rights, because the original Notice to Appear served on Haider was statutorily incomplete. For the following reasons, the petition for review is denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Haider is a native and citizen of Pakistan who entered the United States on October 15, 1989, as a non-immigrant with a B/2 visitor visa. He was authorized to remain in the United States for a period not to exceed April 14, 1990, but he remained in the United States well beyond this time. On April 30, 2001, Friendly Food Corporation ("Friendly Food") (doing business as Key Food) in Tyler, Texas, offered Haider permanent employment and filed an application for Employment Certification with the Department of Labor ("the DOL"); one year later, the DOL issued a labor certification. Thereafter, Friendly Food filed on Haider's behalf an Immigration Petition for Alien Worker (" I-140 petition"). The notice of receipt of the I-140 petition from the Department of Homeland Security ("the DHS") is dated April 1, 2003, and indicates that it usually takes 275 to 300 days from the date of receipt to process the paperwork.

On March 18, 2003, the DHS personally served Haider with a Notice to Appear, and thereafter filed that notice with the Immigration Court on April 1, 2003. This filing commenced removal proceedings against Haider under 8 U.S.C. §1227(a)(1)(B) because he remained in the United States approximately thirteen years longer than permitted.

---

[2]Haider also requested a continuance before the IJ in order to file an Immediate Relative Visa ("I-130 petition").

On October 16, 2003, Haider filed a motion before the the IJ to terminate proceedings because he claimed § 1255(i) authorizes him to remain in the United States while his I-140 petition and adjustment of status are pending. Furthermore, he stated that he overstayed his visa because he intended to immigrate to the United States and formed that intent "when I first flew over here." Accordingly, Haider argued that he was eligible for adjustment of status under § 1255(i) because it confers legal status and precludes the Government from removing him from the United States. Alternatively, he requested that the court continue his case to allow the DHS to make its final decision on his I-140 petition.

In response, the IJ held that no statute, specifically § 1255, precludes the DHS from placing Haider in removal proceedings or attempting to remove him from the United States. Furthermore, the IJ held that filing an I-140 petition does not confer lawful status on an alien. The court explained that the purpose of § 1255(i) is to allow those individuals who were not inspected and admitted to the United States to be able to adjust their citizenship status in the United States rather than leave the United States and adjust outside. According to the IJ, "it did not confer either [sic] legal status nor did it restrict the Government from placing these individuals in proceedings, nor did it preclude the Court from ordering the respondent removed if the charge was sustained by clear and convincing evidence." Instead, the IJ reasoned that § 1255(i) merely allows certain aliens to apply for an adjustment of status, and in order to do so, the DHS must approve the I-140 petition first. Therefore, the IJ denied Haider's request for termination.

Haider also made an alternative argument–that his case be continued pending adjudication of his I-140 petition and adjustment application. The IJ denied this request "as a matter of discretion," because Haider had not established "good cause to continue his case" and because the evidence

3

presented before the IJ indicated that it would take approximately 300 days to adjudicate the I-140 petition.

Finally, the IJ denied Haider's additional request for a continuance pending filing and adjudication of an Immediate Relative Visa ("I-130 petition"). Haider made this request claiming he wanted to marry a United States citizen and that this citizen needed additional time to file an I-130 petition. Because Haider had not yet married, the court saw this request as evidence that "[Haider] is doing everything within his power to abuse the immigration laws of this country and remain here." Thereafter, the IJ ordered Haider's removal, concluding that Haider is free to marry a United States citizen and adjust his citizenship accordingly, but he would have to do so outside of the United States. On appeal, the BIA affirmed the decision of the IJ without a separate opinion.

Haider appeals to this court, arguing that, (1) the IJ erred in construing 8 U.S.C. § 1255(i), especially the legal terminology "immediately available," and in determining that an I-140 petition must first be approved before the court can terminate removal proceedings; (2) alternatively, the IJ erred in not granting a continuance while Haider's I-140 petition was pending or for the time necessary for Haider to marry a United States citizen and have that citizen file a I-130 petition; and (3) the original Notice to Appear did not comply with the corresponding statute because it did not contain the hearing date and time; therefore, the proceedings should be terminated, as Haider's due process rights have been violated.

## II. DISCUSSION

A. Reconciling 8 U.S.C. § 1255(i), with Haider's Pending I-140 Petition and Potential I-130 Petition

Generally, in immigration cases, we review only the decision of the BIA, not that of the IJ. *Ogbemudia v. I.N.S.*, 988 F.2d 595, 598 (5th Cir.1993) (footnote omitted). In this case, however,

because the BIA affirmed the judgment of the IJ and did not write a separate opinion, we turn our attention to the findings of the IJ. We review questions of law de novo, but we also give deference to an agency's interpretation of the statutes and regulations that it enforces. *Carbajal-Gonzalez v. I.N.S.*, 78 F.3d 194, 197 (5th Cir. 1996); *see Chevron U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837 (1984)). In interpreting a statute, this court first looks to the plain language of the statute; if the statute is silent or ambiguous with respect to a specific issue, the court must ask if the agency's answer is based on a permissible construction of the statute, and if so, the court must defer to the agency's interpretation. *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 424 (1999) (citations omitted).

In Haider's first point of error, he claims that the IJ misinterpreted and inappropriately applied the language of § 1255(i) to the case at bar. Haider contended before the IJ that § 1255(i) provides him authorization to remain in the United States while his I-140 petition and adjustment of status application are pending. The IJ found nothing in § 1255 precluding the DHS from placing Haider in removal proceedings or prohibiting the BIA from proceeding with the case and eventually removing Haider from the United States to Pakistan. The IJ noted that no statutory provision states or even suggests that filing an I-140 petition confers lawful status on an alien. He also interpreted the language requiring that a visa be "immediately available" to mean that the petition has to be approved at the time an alien files for an adjustment of status in order for a court to terminate removal proceedings against that alien. 8 U.S.C. § 1255(i) (2000).[5] Because the IJ relied on the plain language of the statute to guide his reasoning, we agree with the judgment of the IJ.

---

[5]The IJ also explained that whether the Government will execute a removal order is within the sole jurisdiction of the DHS. Further, the IJ found that there is no jurisdiction that would confer discretionary authority upon the courts to adjust someone when a visa petition has not been approved.

Title 8 U.S.C. § 1255(a) provides that

> [t]he status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification under subparagraph (A)(iii), (A)(iv), (B)(ii), or (B)(iii) of section 1154(a)(1) of this title or [sic] may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is *immediately available* to him at the time his application is filed.

8 U.S.C. § 1255(a) (2000) (emphasis added). Furthermore, § 1255(c) prohibits adjustment of status for an alien who has not maintained lawful status since he entered the United States. 8 U.S.C. § 1255(c) (2000). Haider, however, seeks relief via adjustment proceedings under 1255(i) which requires that

> (1) [n]otwithstanding . . . subsections (a) and (c). . . an alien physically present in the United States . . . who is the beneficiary . . . of . . . (ii) an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before such date; and . . . (C) who, in the case of a beneficiary of a petition for classification, or an application for labor certification, described in subparagraph (B) that was filed after January 14, 1998, is physically present in the United States on December 21, 2000 . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence. . . . (2) *Upon receipt of such an application and the sum hereby required, the Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if . . . (A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed.*

8 U.S.C. § 1255(i)(2) (2000) (emphasis added). Therefore, in this case, we find no need to hinge our analysis of the IJ and BIA's interpretation of the statute on *Chevron* deference. *See generally Chevron*, 467 U.S. 837 (1984). The IJ and BIA are correct in their interpretation and application of

6

§ 1255(i) to Haider. The plain language of the statute does not confer a right upon Haider to remain in the United States.

At the time of his removal proceeding, Haider had not met the conjunctive two-part test for adjustment, requiring that (A) Haider is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; *and* (B) an immigrant visa is immediately available to him. 8 U.S.C. § 1255(i) (2000) (emphasis added). An immigrant visa was not immediately available to Haider when he filed an Application to Register Permanent Residence or Adjust Status[6] with the Immigration Court on October 16, 2003.[7]

On behalf of Haider, Friendly Food filed a I-140 petition with the DHS on March 31, 2003. DHS's notations, dated April 1, 2003, on the notice of receipt of the I-140 petition, indicated that it would take between 275 and 300 days from the date of receipt to process this type of case. Thus, the I-140 petition had not been processed and was therefore not immediately available on October 16, 2003.

In sum, § 1255(i) allows an alien whose visa petition has been approved to apply for adjustment of status. Haider did not have such an immigrant visa immediately available to him at the time his application was filed. Accordingly, based on the plain language of the statute and the regulations, the IJ properly concluded that Haider's pending I-140 petition did not confer upon him lawful status. We also agree with the IJ's determination that because Haider had been in the United

---

[6]An Application to Register Permanent Residence or Adjust Status is also known as an I-485 petition.

[7]Moreover, even if Haider had met these requirements, his adjustment would have been discretionary rather than mandatory, as § 1255(i)(2) states that status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe . . . ." 8 U.S.C. § 1255(i) (2000).

States illegally for approximately thirteen years, he had abused his privilege of being granted visitor status to the United States.[8] We find no error in the BIA's decision to affirm the IJ's denial of Haider's motion to terminate and his request for a continuance. Additionally, we find no error in the BIA's affirmance of the IJ's order of removal. Therefore, Haider is removable as charged.

B. The Notice to Appear

On his second point of error, Haider argues that his Notice to Appear was deficient as it did not comply with the requirements of 8 U.S.C. § 1229 (2000). The Notice to Appear did not include a specified hearing date and time, as required by the statute. Instead, the record reflects that the Notice to Appear directed that the time and date of the hearing would be provided at a later date.

To protect an alien's due process rights, § 1229 (a)(1)(G)(i) mandates that written notice of the time and place of the proceedings be included in the Notice to Appear. Nonetheless, we decline to review this point of error and enforce this procedural requirement. Title 8 U.S.C. § 1252(d)(1) provides that, "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." Because Haider did not raise this point of error below, it is not properly before this court on review.[9]

---

[8]For the same reasons, the IJ also denied Haider's request to continue his case until he could marry a United States citizen and have her file a I-130 petition; for the same reasons, we affirm.

[9]The record reflects, however, that Haider had no trouble complying with the written notices subsequently supplementing the original Notice to Appear, as he appeared voluntarily before the IJ at each scheduled hearing. Accordingly, we find it hard to reconcile Haider's attendance at his administrative hearings with a deprivation of his due process rights, as he was obviously aware of the times and dates of his hearings.

## III. CONCLUSION

For the foregoing reasons, we agree with the IJ's judgment denying Haider's motion to terminate removal proceedings or for a continuance pending adjudication of his I-140 petition or potential I-130 petition and status adjustment application. Accordingly, we affirm the decision of the BIA . Haider's petition for review is DENIED.